Entered on Docket
June 04, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JENNY GILLESPIE,  No. 12-13030

                Debtor(s).
_____/

TRACY HOPE DAVIS, United States Trustee,

                Plaintiff(s),

       v.  A.P. No. 14-1098

SHLC HOLDINGS, LLC, et al.,

                Defendant(s).
_____/

Memorandum on Motion to Strike Jury Demand
_____

    In this adversary proceeding, the U.S. Trustee alleges that various defendants have violated the provisions of § 110 and § 526 of the Bankruptcy Code governing the conduct of bankruptcy petition preparers and debt relief agencies. These statutes provide for actual damages, disgorgement of fees, fines and injunctive relief if there has been a violation, all of which the U.S. Trustee seeks. One of the defendants, Ann Marie Meingast, has demanded a jury trial. The U.S. Trustee has moved the court to strike the demand.

1

A litigant facing liability under a federal statute is entitled to a jury only if the nature of the statute is analogous to a common-law action, the relief sought is legal and not equitable in nature, and the statute creates a private right. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). If a case arises between the government and persons subject to its authority and Congress has assigned its adjudication to a specialized court of equity, there is no right to a jury trial. *Id. at 42n.4, 51n.8.* Thus, there is no right to a jury trial where disgorgement of bankruptcy fees is sought, *Hale v. U.S. Trustee,* 509 F.3d 1139, 1146 (9th Cir. 2007), or where a plaintiff seeks statutory damages for violation of a bankruptcy statute, *In re Renewable Energy Dev. Corp.,* 500 B.R. 77, 90 (D.Utah 2013); *In re Calderon,* 497 B.R. 558 (Bkrtcy.E.D.Ark. 2013), or where injunctive relief is sought against a bankruptcy petition preparer, *In re Graves,* 279 B.R. 266, 271-72 (9th Cir. BAP 2002). There is also no right to a jury for determination of a civil fine. *Tull v. United States*, 481 U.S. 412, 427, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).[1]

For the foregoing reasons, the motion to strike the jury demand will be granted. Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: June 3, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The fines against petition preparers provided in § 110 of the Bankruptcy Code are civil in nature. *In re Sustaita,* 438 B.R. 198, 213 (9th Cir. BAP 2010). Section 526(c)(5)(B) specifically authorizes the court, either on its own motion or the motion of the U.S. Trustee, to impose "an appropriate civil penalty" for violation of the debt relief agency provisions of the Code.

Meingast cites *Tull* as supporting her jury demand, but it does not. *Tull* holds that even when there is a right to a jury trial as to liability, the amount of civil penalties is assessed by the court. As noted above, Meingast has no right to a jury as to liability.

2